U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 07 2015

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

VICKI DIANE TODD                                             PLAINTIFF

V.                          CASE NO. 15-1053

MYER COMPANION CARE, LLC
d/b/a COMFORT KEEPERS                                        DEFENDANT

## COMPLAINT

COMES NOW, Plaintiff, Vicki Diane Todd, by and through her attorney, Thomas H. McGowan, and for her Complaint states:

1. Plaintiff Vicki Diane Todd (hereinafter Plaintiff) is an individual who brings this action against Defendant Myer Companion Care, LLC d/b/a Comfort Keepers (hereinafter Defendant) because of Defendant's unlawful violation of federal and state law, for which Plaintiff seeks compensation, damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Minimum Wage Act of Arkansas ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq.*,

2. Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue lies with this district pursuant to 28 U.S.C. § 1391(b).

### FACTUAL BACKGROUND

5. Plaintiff is a natural-born citizen of the United States and is a resident of Union County, Arkansas.

6. Defendant is a foreign limited liability company, operating and doing business in the State of Arkansas, with its principal place of business in Baton Rouge, Louisiana. Defendant has identified J. Eric Lockridge, One American Way, 301 Main Street, Baton Rouge, Louisiana, 70801 as a general agent for service.

7. On or about October 16, 2013, Plaintiff was employed by Defendant as a Scheduler/Office Coordinator in Defendant's El Dorado, Arkansas office, where she was continuously employed by Defendant until April 15, 2015.

8. During the course of Plaintiff's employment, Defendant required Plaintiff to be "on-call" to manage the home health care services provided by Defendant to residents of south Arkansas.

9. From October 16, 2013, until approximately April 1, 2014, Plaintiff's wages were based upon an annual salary of $21,900 so that she was compensated at an hourly rate of approximately $10.53 per hour.

10. On or about April 1, 2014, Defendant assigned Plaintiff additional duties, which made her the sole, on-call employee managing Defendant's home health care services in the state of Arkansas. Plaintiff's wages were increased to an annual salary of $23,600 such that she was compensated at an hourly rate of approximately $11.35 an hour.

11. Plaintiff was employed by Defendant as its sole, on-call employee between between April 1, 2014, and April 15, 2015. Defendant provided a cell phone to the Plaintiff which she was required to have turned on and answer as an employee of the Defendant at all hours of the day and night.

12. Defendant did not pay Plaintiff any wages for the work she performed on April 6, 7, 8, 9, 10, 13, 14, and 15, 2015.

13. From October 16, 2013 to April 15, 2015, Defendant regularly required Plaintiff to work overtime, *i.e.,* longer than forty (40) hours a week.

14. Plaintiff was not compensated for the overtime work she performed for the Defendant in excess of her regular forty (40) hours a week.

15. Defendant knowingly and willingly failed to pay overtime compensation to Plaintiff for the hours she worked in excess of forty (40) hours per week.

16. During the course of her employment with Defendant, Plaintiff accrued personal time off ("PTO").

17. Defendant terminated Plaintiff's employment with Defendant on April 15, 2015.

18. On April 15, 2015, Plaintiff had accrued forty (40) hours of PTO that she had not used. Plaintiff was not compensated for this accrued PTO upon the termination of her employment with Defendant.

19. From October 16, 2013 to April 15, 2015, Plaintiff performed services and fulfilled her duties as an "employee" while working, directly and indirectly, in the interest of the Defendant.

20. At all times relevant, Defendant was the "employer" of Plaintiff, as that term is defined in the FLSA and the AMWA.

21. At all times relevant, the work of Plaintiff and Defendant involved commerce.

22. At all times relevant, none of the employee exemptions found in the FLSA or the AMWA applied to Plaintiff.

## **VIOLATION OF FLSA'S MINIMUM WAGE STATUTE, 28 U.S.C. § 206**

23. Paragraphs 1 through 22 above are hereby incorporated by reference and adopted as if set forth word by word herein.

3

24. Under the FLSA, Defendant was required to pay Plaintiff a minimum wage of $7.25 per hour for the hours she was worked. *See* 28 U.S.C. § 206(a).

25. Plaintiff worked regular hours for the Defendant on each of the following days: April 6, 2015; April 7, 2015; April 8, 2015; April 9, 2015; April 10, 2015; April 13, 2015; April 14, 2015; and April 15, 2015. Defendant has not paid Plaintiff any wages for the hours worked on these dates in April 2015.

26. Defendant's failure to pay wages to Plaintiff for the hours she worked on April 6-10, 2015, and April 13-15, 2015, was an unlawful act in violation of Plaintiff's rights under the FLSA, 28 U.S.C. § 206.

27. As a direct and proximate result of Defendant's unlawful act, Plaintiff is entitled to (a) compensatory damages in the amount of her unpaid minimum wages; (b) liquidated damages in an amount equal to her unpaid minimum wages; and (c) her reasonable attorney's fees and costs.

## VIOLATION OF FLSA'S MAXIMUM HOURS STATUTE, 28 U.S.C. § 207

28. Paragraphs 1 through 27 are hereby incorporated by reference and adopted as if set forth word by word herein.

29. Under the FLSA, Defendant was required to pay Plaintiff one and one-half times her regular rate for the hours she was worked each week in excess of forty (40) hours. *See* 28 U.S.C. § 207(a).

30. During the course of her employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week.

31. Plaintiff was never compensated for the overtime hours she worked.

4

32. Defendant's knowing and willful failure to pay Plaintiff overtime compensation for the hours she worked in excess of forty (40) hours per week during the time period of October 16, 2013, and April 15, 2015, was an unlawful act in violation of Plaintiff's rights under the FLSA, 28 U.S.C. § 207.

33. As a direct and proximate result of Defendant's unlawful act, Plaintiff is entitled to (a) compensatory damages in the amount of her unpaid overtime compensation; (b) liquidated damages in an amount equal to her unpaid overtime compensation; and (c) her reasonable attorney's fees and costs.

## VIOLATION OF AMWA, ARK. CODE ANN. § 11-4-210 and ARK. CODE ANN. § 11-4-211

34. Paragraphs 1 through 33 are hereby incorporated by reference and adopted as if set forth word by word herein.

35. Under the AMWA, an employer who pays any employee less than the minimum wages, including overtime compensation or compensatory time off, shall be liable to the employee affected. *See* Ark. Code Ann. § 11-4-218

36. Under the AMWA, Defendant was required to pay Plaintiff one and one-half times her regular rate of pay for the hours she was worked each week in excess of forty (40) hours. *See* Ark. Code Ann. § 11-4-211(a).

37. Under the AMWA, Defendant was required to pay Plaintiff a minimum wage of $6.25 per hour for the hours she was worked. *See* Ark. Code Ann. § 11-4-210(a).

38. During the course of her employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week.

39. Plaintiff was never compensated for the overtime hours she worked.

5

40. Defendant's knowing and willful failure to pay Plaintiff overtime compensation for the hours she worked in excess of forty (40) hours per week during the time period of October 16, 2013, and April 15, 2015, was an unlawful act in violation of Plaintiff's rights under the AMWA, Ark. Code Ann. § 11-4-211.

41. On April 15, 2015, Plaintiff had accrued and not used 40 hours of PTO.

42. Defendant did not pay Plaintiff any wages as compensation for her accrued PTO.

43. Defendant's knowing and willful failure to compensate Plaintiff for her accrued PTO was an unlawful act in violation of Plaintiff's rights under the AMWA, Ark. Code Ann. § 11-4-211.

44. Plaintiff worked approximately eight (8) hours on each of the following days: April 6, 2015; April 7, 2015; April 8, 2015; April 9, 2015; April 10, 2015; April 13, 2015; April 14, 2015; and April 15, 2015.

45. Defendant did not pay Plaintiff any wages for the hours worked on the April dates identified in Paragraph 44.

46. Defendant's failure to pay wages to Plaintiff for the hours she worked on April 6-10, 2015, and April 13-15, 2015, was an unlawful act in violation of Plaintiff's rights under the AMWA,, Ark. Code Ann. § 11-4-210.

47. As a direct and proximate result of Defendant's unlawful acts in violation of the AMWA, Plaintiff is entitled to (a) compensatory damages in the amount of her unpaid wages, including overtime compensation and accrued PTO; (b) liquidated damages in an amount equal to her unpaid wages, including overtime compensation and accrued PTO; and (c) her reasonable attorney's fees and costs.

## UNJUST ENRICHMENT

48. Paragraphs 1 through 47 are hereby incorporated by reference and adopted as if set forth word by word herein

49. The facts described above demonstrate that Plaintiff provided Defendant with a service, *e.g.*, performing her duties as a Scheduler/Office Coordinator on Defendant's behalf, and Defendant did not compensate Plaintiff for all of the hours that she worked.

50. In failing to pay Plaintiff the wages owed to her, Defendant was able to enrich itself, *e.g.*, make money, at Plaintiff's expense.

51. Defendant's failure to pay Plaintiff's wages was willful and, therefore, unjust, and Defendant should be required to make restitution to Plaintiff.

## DAMAGES and PRAYER FOR RELIEF

52. Plaintiff demands a trial by jury.

53. Due to Defendant's willful violation of the FLSA, Plaintiff is entitled to relief pursuant to 28 U.S.C. § 216, and prays that the Court award the following relief:

   a. Compensatory damages in the amount of overtime wages owed to Plaintiff during the course of her employment with Defendant;

   b. Compensatory damages in the amount of the regular wages owed to Plaintiff from April 6-15, 2015, including accrued personal time pay;

   c. Liquidated damages

54. Due to Defendant's willful violation of the AMWA, Plaintiff is entitled to relief pursuant to Ark. Code Ann. § 11-4-218, and prays that the Court award the following relief:

a. Compensatory damages in the full amount of wages, including overtime compensation and accrued personal time off, owed to Plaintiff during the course of her employment with Defendant;

b. Liquidated damages

55. Plaintiff prays that the Court grant her equitable relief finding that Defendant was unjustly enriched by its failure to pay Plaintiff's wages and requiring Defendant to make restitution to Plaintiff of the monetary and other benefits received.

56. Plaintiff prays that the Court award her reasonable attorney's fees and expenses, as authorized by the FLSA, the AMWA, and other applicable law.

WHEREFORE, Plaintiff prays that, upon trial of this action, the Court enter an order granting judgment in Plaintiff's favor on each of her claims and awarding her damages, costs, attorney's fees and all other relief which may be just and appropriate.

Respectfully submitted,

VICKI DIANE TODD

_____
Thomas H. McGowan
Attorney at Law
1202 Main Street, Ste. 206
Little Rock, Arkansas 72202
Telephone 501.374.3655
Facsimile 501.375.3420
E-mail: tmcgowan52@att.net