IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VICKI DIANE TODD          PLAINTIFF

VS.          CIVIL ACTION NO.: 1:15-cv-01053-SOH

MYER COMPANION CARE, LLC, D/B/A
COMFORT KEEPERS          DEFENDANT

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND DISMISS CLAIMS WITH PREJUDICE

Plaintiff, Vicki Diane Todd, and Defendant, Myer Companion Care, LLC d/b/a Comfort Keepers, by and through their respective counsel, file this Joint Motion to Approve Settlement Agreement and Dismiss Claims with Prejudice, and, in support hereof, would show unto the Court the following:

1. On August 7, 2015, Todd initiated this action against Comfort Keepers alleging violations of the Fair Labor Standards Act (FLSA) and the Minimum Wage Act of Arkansas. *See* (Doc. 1).

2. Settlement agreements resolving FLSA claims typically are subject to court approval. *See Cruthis v. Vision's*, 2014 WL 4092325, *1 (E.D. Ark. 2014) (citing *Dillworth v. Case Farms Processing, Inc.*, No. 5:08–cv–1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)). Before approving a settlement, a court should ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* (citing *Dillworth*, 2010 WL 776933 at *5; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

PD.19590217.1

3. The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. *See id.* Other district courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*See id.* (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010)).

4. The parties in this case have engaged in discovery and settlement negotiations regarding a bona fide dispute over the amount, if any, of wages and overtime wages owed to Plaintiff by the Defendant. For example, Defendant claimed Plaintiff never worked over forty (40) hours in any work week during her employment, while Plaintiff claimed she worked an average of twenty-six (26) hours of overtime each week from October of 2013 to April of 2015. The parties also disagreed over whether any overtime owed should be calculated using a half-time rate (in connection with a fluctuating work week) or whether overtime should be calculated at time and a half. *See* 29 C.F.R. § 778.114; *see also Smith v. Frac Tech Services, LLC*, 2011 WL 96868, *34-35 (E.D. Arkansas 2011).

5. Having engaged in discovery over these bona fide disputes, the parties have determined their interests are best served by the settlement of this action and have agreed to enter into an agreement that resolves all issues before the Court. A copy of the parties' proposed Confidential Final Settlement Agreement and Release has been submitted to the Court for *in camera* review and approval separately. *See, e.g., Springs v. First Student, Inc.*, No. 4:11-CV-00240-BSM (E.D. Ark. Aug. 28, 2012) (Doc. No. 46) (granting parties' joint motion to dismiss

2

PD.19590217.1

after settlements were reached in an FLSA case, without any settlement agreement in the public record).

6. While the parties seek approval of their settlement, at least one federal district court in Arkansas has held that no reasonableness review or public filing of a FLSA settlement is necessary where: (1) the lawsuit is not a collective action, (2) all individual plaintiffs were represented by counsel from the start of the litigation through the conclusion of subsequent settlement negotiations, and (3) where all parties have indicated to the Court in writing, through their attorneys, that they wish for their settlement agreement to remain private and that they wish for no reasonableness review of their settlement to occur. *See Schneider v. Habitat for Humanity International, Inc.*, 2015 WL 500835, *3 (W.D. Ark. February 5, 2015).

7. Here, the parties have agreed that the confidentiality of the terms of the settlement are a critical component of the agreement and, therefore, request approval from this Court of the settlement via *in camera* review. The parties have reviewed all terms of the settlement and agree that the terms are fair, reasonable, and adequate. It is the intent of the parties to now resolve any and all possible claims between them.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Vicki Diane Todd, and Defendant, Myer Companion Care, LLC d/b/a Comfort Keepers, respectfully request this Court grant their Joint Motion, approve the settlement reached by the parties, and dismiss all of Plaintiff's claims with prejudice.

This the 1st day of July, 2016.

Respectfully submitted,

PHELPS DUNBAR, LLP

BY: */s/ Jason T. Marsh*
Jason T. Marsh, AR #2009066
PHELPS DUNBAR, LLP
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: marshj@phelps.com

**ATTORNEY FOR DEFENDANT**

*/s/ Thomas H. McGowan*
Thomas H. McGowan, Esq.
1202 Main Street, Suite 206
Little Rock AR 72202
(501) 374-3655
tmcgowan52@att.net

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, Jason T. Marsh certify that a true and accurate copy of the foregoing document was sent via CM/ECF on this 1st day of July, 2016, which will serve notice of this filing on all counsel of record.

*/s/ Jason T. Marsh*
Jason T. Marsh